HAMPTON, JR., & CO. *v.* UNITED STATES (No. 1186).[1]

AN ALLEGED REPLACE INVOICE.

The facts as stated in the opinion of the court were correct. Hampton, jr., & Co. *v.* United States (5 Ct. Cust. Appl., —; T. D. 34093). This alleged replace invoice was not the true replace invoice, for the affidavit accompanying it was made nearly four months after the decision of the Secretary of the Treasury was rendered.

United States Court of Customs Appeals, February 27, 1914.

APPEAL from Board of United States General Appraisers, Abstract 31984 (T. D. 33338).

[Petition for rehearing denied.]

*Walter Evans Hampton* for the petition.
*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

PER CURIAM: The invoice printed in the record and referred to in the petition for a rehearing as the *replace* invoice is not the true replace invoice as shown by the original official papers forwarded to the court, but a third invoice attached to an affidavit dated April 16, 1912. This third invoice could not have been presented to the Secretary of the Treasury prior to his refusal to correct the entry, inasmuch as the affidavit accompanying the invoice appears to have been made nearly four months after the decision of the Secretary of the Treasury was rendered. The protest of the importers is dated April 8, 1912, and consequently the third invoice and affidavit attached thereto was not presented to the collector prior to liquidation. The replace invoice, as stated in the opinion of the court, did not enumerate as deductible charges 13 shillings for bags and 37 pounds 12 shillings and 10 pence for seller's profit. The facts as stated in the opinion of the court were correct.

The petition for rehearing is *denied*.

---

[1] Reported in T. D. 34248 (26 Treas. Dec., 406).